HUNT & KENDALL v. STEVENS and ALVERSON.

Judgment: VACATION OF: NEW TRIAL. An application under chapter 141 of the Revision, to vacate a judgment of the District Court, must, in cases where that court had jurisdiction of the person and subject-matter, be made within one year from the rendition of the judgment: and the same limit would apply if the proceeding were in the nature of an application under the chapter relating to new trials.

*Appeal from Appanoose District Court.*

THURSDAY, JANUARY 28.

THE plaintiffs brought suit against the defendants, Stevens and Alverson, to recover the price of a barrel of brandy sold by plaintiffs to defendants. There was personal service of notice upon each of the defendants. At the April Term, 1867, which was the appearance term, the defendant Stevens appeared by attorney and filed his demurrer to the petition, and a motion for a more specific statement. Both were sustained. Plaintiffs then filed an amended petition, to which the defendant Stevens also demurred, and this too was sustained, and judgment rendered thereon for the defendant Stevens. A default was then entered against the defendant Alverson, and judgment rendered against him for the amount of the plaintiff's claim. From this judgment by default the defendant Alverson afterward appealed to this court. The judgment was here affirmed, because the error complained of might have been corrected on motion in the District Court, and no motion therefor had been made as provided by Revision, section 3545. See the case reported in 25 Iowa, 261.

Afterward, and at the October Term, 1868, the defendant Alverson filed his motion and petition in the District Court to set aside the default and vacate the judgment, because the original petition showed that the cause of action was illegal and could not be enforced; the petition showed that the District Court had no jurisdiction to render the judgment for such illegal cause of action; the petition was amended after the default; the amended petition showed that the court had no jurisdiction because of illegal consideration, and the petition showed no cause

of action.  On the hearing of this motion it was over-ruled, and the defendant Alverson alone appeals.

*Perry & Townsend* for the appellant.

*Harris & Drake* for the appellees.

COLE, J. — This motion was not made until a year and a half after the judgment was rendered.  No excuse is shown or attempted to be shown for this delay. Whether the proceedings are held to be under subdivision "New Trials" of chapter 123, or under chapter 141 of the Revision of 1860, in either case this proceeding, which is one to vacate the judgment, should have been commenced within one year; and this, as well by the analogy to appeals, which are limited to one year, as by the express provisions of the chapters just referred to.

It is claimed, however, that the District Court had no jurisdiction to render the judgment, and hence it may relieve its records of such void entries at any time. Without deciding whether the conclusion from the premises is correct or not, we think the premises are erroneous. The District Court had *jurisdiction* of the subject-matter and of the person.  If that court had decided against the plaintiffs' claim, such judgment would, most unquestionably, have been conclusive upon them; if the court erred in its judgment, and made its adjudication contrary to the law, such error does not defeat its jurisdiction, or make its judgment void.  If it was erroneous, it might have been set aside or reversed by proper and timely proceedings.  As to whether judgment by default could properly be rendered against one of two obligors, where the other had, on trial, been successful. See *Pierson* v. *David et al.*, 4 Iowa, 410 (*i. e.* 416); *Loeber* v. *Delahaye & Co.*, 7 id. 478; *Greenough et al.* v. *Sheldon et al.*, 9 id. 503.

Affirmed.

*Marginal note: JUDGMENT: vacation of: new trial.*